UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 19-0048 (PLF) |
| KEVIN RON FIELDS, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Kevin Ron Fields' pro se Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1)(i) ("Def. Mot.") [Dkt. No. 28]. Mr. Fields contends that he is at high risk of contracting the novel coronavirus ("COVID-19") for a second time while in the custody of the Federal Bureau of Prisons ("BOP"), and he requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 1–4. Mr. Fields also seeks appointment of counsel. Id. at 1.

The government opposes this motion, arguing that Mr. Fields has failed to exhaust his administrative remedies. Government's Opposition to Defendant's Pro Se Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Gov't Opp.") [Dkt. No. 30] at 13-14. The government further argues that if the Court reaches the merits it should deny Mr. Fields' motion, because Mr. Fields has not established that he is no longer a danger to

the community and because the sentencing factors set forth at 18 U.S.C. § 3553(a) weigh against his release. Id. at 23-27. For the reasons explained below, the Court will deny the motion.[1]

### I.  BACKGROUND

On July 8, 2019, Mr. Fields pled guilty under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Plea Agrmt. at 1. On October 10, 2019, this Court sentenced Mr. Fields to 120 months of incarceration, with credit for time served. Judgment at 2. Mr. Fields is currently serving his sentence at FCI Loretto in Loretto, Pennsylvania. Def. Mot. at 2; Gov't Opp. at 5. At the time Mr. Fields filed his motion, he had served less than two years of his ten-year sentence. Gov't Opp. at 26.

Mr. Fields reports that he is obese, has hypertension, and has other "serious medical conditions." Def. Mot. at 1; see also id. at 4 ("Mr. Fields suffers from Hypertension and

---

[1] The Court has reviewed the following documents in connection with the pending motion: Indictment ("Indictment") [Dkt. No. 4]; Plea Agreement ("Plea Agrmt.") [Dkt. No. 11]; Statement of Offense in Support of Guilty Plea ("SOO") [Dkt. No. 13]; Judgment [Dkt. No. 22]; Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Compassionate Release, First Step Act, Cares Act, Thus, Appointment of Counsel ("Def. Mot.") [Dkt. No. 28]; Government's Opposition to Defendant's Pro Se Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Gov't Opp.") [Dkt. No. 30]; Government's Sealed Exhibit 1 – Inmate Request Form ("Sealed Ex. 1") [Dkt. No. 31-1]; Government's Sealed Exhibit 2 – BOP Response to Request for Compassionate Release ("Sealed Ex. 2") [Dkt. No. 31-1]; Government's Sealed Exhibit 3 – Sentence Monitoring Computation Data ("Sealed Ex. 3") [Dkt. No. 31-1]; Government's Sealed Exhibit 4 – Declaration of Norman Weidlich ("Sealed Ex. 4") [Dkt. No. 31-1]; Government's Sealed Exhibit 5 – Inmate Profile ("Sealed Ex. 5") [Dkt. No. 31-1]; Government's Sealed Exhibit 6 – BOP 2020 Medical Records ("Sealed Ex. 6") [Dkt. No. 31-2]; Government's Sealed Exhibit 7 – BOP 2021 Medical Records ("Sealed Ex. 7") [Dkt. No. 31-3]; Government's Sealed Exhibit 8 – Inmate Discipline Data ("Sealed Ex. 8") [Dkt. No. 31-3]; and Emergency Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Compassionate Release, Also Appointment of Counsel ("Def. Supp. Mot.") [Dkt. No. 34].

other medical condition [sic] . . . . Mr. Fields also suffers from obesity."). Mr. Fields contends that his medical conditions make him particularly vulnerable to COVID-19. Id. at 2-4. As reported by the government on February 8, 2021, more than 700 incarcerated inmates and dozens of staff members have contracted COVID-19 at FCI Loretto at various times over the course of the pandemic. Gov't Opp. at 18 (citing BOP data that listed 706 inmates and 48 staff members who had "recovered," no inmates who at the time of the government's filing had tested positive, and 16 staff members who at the time of the government's filing had tested positive). As of February 8, 2021, no inmates at FCI Loretto had died as a result of COVID-19. Id.

      Mr. Fields tested positive for COVID-19 on November 30, 2020. See Def. Mot. at 2; Sealed Ex. 7 at 28; Sealed Ex. 4 ¶ 6. Mr. Fields was moved to isolation, where clinical staff evaluated him daily and monitored his symptoms. Sealed Ex. 4 ¶ 6. Throughout Mr. Fields' isolation, his symptoms "were considered mild and he remained afebrile." Id. On December 11, 2020, Mr. Fields "denied symptoms and was afebrile . . . and was released from isolation." Id.

      On August 21, 2020, Mr. Fields submitted a pro se request for compassionate release to BOP. Sealed Ex. 1. In his BOP request, Mr. Fields wrote that he is "borderline diabetic" and has hypertension, "[j]ust to name a few of my few medical conditions." Id. at 1. BOP denied Mr. Fields' request for compassionate release on August 24, 2020. Sealed Ex. 2. Mr. Fields now moves this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . ; but the rule of finality is subject to a few narrow

3

exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). One such exception is codified at 18 U.S.C. § 3582(c)(1)(A). As modified by the First Step Act in 2018, Section 3582(c)(1)(A) allows courts to modify a sentence upon motion by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request." 18 U.S.C. § 3582(c)(1)(A).

Once this exhaustion requirement has been met, a defendant must show that "extraordinary and compelling reasons warrant such a reduction," and that a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has stated that "extraordinary and compelling reasons" exist where the defendant is "suffering from a serious physical or mental condition" or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)(ii)(I), (III) (U.S. SENT'G COMM'N 2018). Health conditions that limit one's ability to practice self-care in a detention facility include those that "compromise a defendant's ability . . . to provide for his own activities of daily living, such as eating and drinking, toileting, washing and dressing, and mobilization." United States v. Morris, Criminal No. 12-154, 2020 U.S. Dist. LEXIS 91040, at *19 (D.D.C. May 24, 2020). The Sentencing Commission has acknowledged, however, that there may be "[o]ther [r]easons" presenting "an extraordinary and compelling reason other than, or in combination with, the reasons described" elsewhere in the commentary. Id., *20 (quoting U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1(D)). To

that end, the COVID-19 pandemic falls under such an "other reason" that may present an "extraordinary and compelling reason" for a sentencing reduction. Id.

The statute and policy statement further instruct the Court to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable." U.S. SENT'G GUIDELINES MANUAL § 1B1.13; see also 18 U.S.C. § 3582(c)(1)(A). As relevant here, the factors listed in Section 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(1)-(2)(B). The Court must consider the factors "with an eye toward whether it is necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons to modify the defendant's sentence." United States v. Johnson, 464 F. Supp. 3d 22, 30 (D.D.C. 2020).

## III. DISCUSSION

The government contends that Mr. Fields failed to exhaust his administrative remedies because his request to BOP "did not state that he has obesity," which "is the only condition that places the defendant at elevated risk per CDC guidelines." Gov't Opp. at 14-15. While it is true that Mr. Fields did not mention obesity explicitly in his BOP request, he did suggest that he had additional medical conditions beyond those listed, and the warden denied his request on August 24, 2020. See Sealed Ex. 1 ("Just to name a few of my medical conditions[,] I'm borderline diabetic [and] I have hypertension."); Sealed Ex. 2 (letter from Warden V. Moser denying Mr. Fields' request). The Court also notes that Mr. Fields is proceeding pro se. See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."). The Court need not resolve whether Mr. Fields has exhausted his

administrative remedies, however, because courts within this District have consistently concluded that the exhaustion requirement of Section 3582(c)(1)(A) "is not jurisdictional." United States v. Johnson, 464 F. Supp. 3d at 28 (emphasis in original); see also id. n.2 (collecting cases). "The Court can thus, without exceeding its authority under Article III . . . turn to the merits of Mr. [Fields'] claim and explain its alternative basis for denying this motion." United States v. Edwards, Criminal No. 03-234, 2020 U.S. Dist. LEXIS 167295, at *6 n.1 (D.D.C. Sept. 12, 2020).

Mr. Fields' motion cites concerns that he could suffer serious health complications if afflicted with COVID-19 for a second time. Def. Mot. at 2-4. The government and Mr. Fields agree that Mr. Fields' obesity places him at increased risk of illness related to COVID-19. Gov't Opp. at 19; see also People at Increased Risk, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (updated Jan. 4, 2021). Mr. Fields has documented obesity, with a body mass index ("BMI") over 30. See Def. Mot. at 4; Gov't Opp. at 19; Sealed Ex. 4 ¶ 6 (declaring that Mr. Fields is diagnosed with a BMI over 30, which places him at increased risk from COVID-19); Sealed Ex. 6 at 261 (documenting Mr. Fields' BMI of 31.4 in October 2020). In addition to his obesity, Mr. Fields suffers from hypertension, which according to the CDC might put him at increased risk of illness related to COVID-19. People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal (last updated Feb. 21, 2021). The government acknowledges that hypertension is a "possible risk factor" for COVID-19. Gov't Opp. at 20.

Although Mr. Fields' obesity, and possibly his hypertension, place him at increased risk of illness related to COVID-19, the Court is not convinced that incarceration at FCI Loretto substantially increases his likelihood of contracting the virus.  The Court recognizes that FCI Loretto recently experienced a COVID-19 outbreak and that Mr. Fields is one of over 700 inmates in that facility who previously tested positive for COVID-19.  Gov't Opp. at 18; see also Def. Supp. Mot. Exs. A-C (collecting news coverage from December 2020 concerning the COVID-19 outbreak at FCI Loretto).  As of February 9, 2021, however, the government reported that no inmates and just 16 staff members tested positive for COVID-19. Id.  FCI Loretto has also begun vaccinating both inmates and staff against COVID-19.  Id.  As of February 4, 2021, 115 staff members and 65 inmates had been fully vaccinated.  Id. (citing COVID-19 Vaccine Implementation, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus).  The government submitted a declaration from Norman Weidlich, Health Services Administrator at FCI Loretto, informing the Court that "FCI Loretto will continue administering vaccines to staff and inmates as they become available."  Sealed Ex. 4 ¶ 11.  In light of the dramatic decline in the number of inmates testing positive for COVID-19 at FCI Loretto, as well as BOP's plan to vaccinate inmates, Mr. Fields' circumstances lack the extraordinary and compelling character required under 18 U.S.C. § 3582(c)(1)(A).

The Court also concludes that reducing Mr. Fields' sentence at this time would be inconsistent with the applicable sentencing factors in Section § 3553(a).  First, "the nature and circumstances of the offense and the history and characteristics of the defendant" weigh against a sentence reduction.  18 U.S.C. § 3553(a)(1).  Mr. Fields pled guilty to possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c).  Plea Agrmt. at 1.  This was

particularly serious because Mr. Fields possessed three firearms, one of which had an obliterated serial number, as well as ammunition and an extended magazine. SOO at 2-4; see also Gov't Opp. at 23-24. In conjunction with these firearms, Mr. Fields possessed cocaine and heroin, which he admitted that he intended to sell. SOO at 3-4; see also Gov't Opp. at 24. Prior to committing the offense to which he pled guilty, Mr. Fields was convicted of several other offenses including assault with intent to kill and possession with intent to distribute cocaine. Plea Agrmt. at 4; see also Gov't Opp. at 24. The grave nature of the offense for which Mr. Fields is currently incarcerated, and Mr. Fields' history of other serious offenses, weigh against reducing his sentence.

In addition, the goals of incarceration would not be served by reducing Mr. Fields' sentence. 18 U.S.C. § 3553(a)(2)(B) (stating that courts shall consider "the need for the sentence imposed . . . to reflect the seriousness of the offense."). Mr. Fields has served less than two years of a ten-year sentence. Judgment at 2; see also Gov't Opp. at 26 ("[T]he defendant has served less than a quarter of his sentence."); Sealed Ex. 3 at 2 (showing Mr. Fields' projected release date as September 26, 2027 and calculating that as of January 15, 2021, Mr. Fields had served 21.4% of his statutory term). The parties agreed upon an appropriate sentence pursuant to their Rule 11(c)(1)(C) plea agreement, the Court accepted the agreed-upon sentence, and it imposed a ten year sentence to reflect the serious nature of Mr. Fields' offense, as recounted above. The Court agrees with the government that granting Mr. Fields compassionate release now, with more than three quarters of his sentence remaining, would "result in a significant sentencing disparity" as compared to "other similarly situated defendants." Gov't Opp. at 26. For these reasons, the sentencing factors set forth in Section 3553(a) favor maintaining the previously-imposed term of imprisonment.

Having determined that Mr. Fields' request for a sentence reduction lacks the requisite extraordinary and compelling character required under Section 3582(c)(1)(A) and is inconsistent with the sentencing factors identified in Section 3553(a), the Court will deny Mr. Fields' motion for compassionate release.  Because the Court concludes that Mr. Fields' motion lacks merit, the Court will also deny Mr. Fields' request for appointment of counsel.

For the foregoing reasons, it is hereby

ORDERED that Mr. Fields' Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 28] is DENIED; it is

FURTHER ORDERED that Mr. Fields' Request for Appointment of Counsel [Dkt. No. 28] is DENIED; and it is

FURTHER ORDERED that Mr. Fields' Emergency Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 34] is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: March 1, 2021