UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 19-0048 (PLF) |
| ) | Civil Action No. 20-2875 (PLF) |
| KEVIN RON FIELDS, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Pending before the Court is defendant Kevin Ron Fields' pro se motion to vacate,

set aside, or correct his sentence under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Mot.") [Dkt. No. 24].

Mr. Fields requests that his sentence and conviction be vacated, raising multiple ineffective

assistance of counsel claims and one prosecutorial misconduct claim. The United States opposes

the motion. See Government's Opposition to Defendant's Motion to Vacate, Set Aside or

Correct Sentence Under 28 U.S.C. § 2255 ("Opp.") [Dkt. No. 43]. Upon careful consideration of

the parties' written submissions, the relevant authorities, and the record in this case, the Court

will deny Mr. Fields' motion.

I. BACKGROUND

On February 9, 2019, officers with the Metropolitan Police Department executed

a search warrant at Mr. Fields' apartment in Washington, D.C. See Statement of Offense in

Support of Guilty Plea ("Statement of Offense") [Dkt. No. 13] at 3. The search produced three

firearms, multiple rounds of ammunition, a large quantity of crack cocaine and heroin, and

various drug paraphernalia. See id. A search of Mr. Fields' vehicle, executed pursuant to a

search warrant, produced one round of ammunition. See id. at 4. During a custodial interview

with law enforcement following his arrest, Mr. Fields admitted to possessing the firearms

recovered from his residence. See id. at 3-4.

On February 12, 2019, a federal grand jury returned a four-count indictment

charging Mr. Fields with unlawful possession with intent to distribute cocaine base, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(C); unlawful possession with intent to distribute heroin, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); unlawful possession of a firearm and

ammunition by a person previously convicted of a crime punishable by imprisonment for a term

exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and using, carrying, and possessing a

firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). See Indictment

[Dkt. No. 4] at 1-3.

On July 8, 2019, pursuant to a plea agreement under Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure, Mr. Fields pled guilty to Count Four of the indictment,

using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18

U.S.C. § 924(c)(1)(A)(i). See Plea Agreement [Dkt. No. 11] ¶ 1.[1] The United States agreed to

---

[1]    Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure provides:

> If the defendant pleads guilty or nolo contendere to either a charged
> offense or a lesser or related offense, the plea agreement may specify
> that an attorney for the government will . . . (C) agree that a specific
> sentence or sentencing range is the appropriate disposition of the
> case, or that a particular provision of the Sentencing Guidelines, or
> policy statement, or sentencing factor does or does not apply (such
> a recommendation or request binds the court once the court accepts
> the plea agreement).

FED. R. CRIM. P. 11(c)(1)(C). In the event a sentencing court rejects the parties' plea agreement,
the defendant has a right to either withdraw or maintain the plea. See FED. R. CRIM. P. 11(c)(5);

dismiss the remaining counts of the indictment. See id. ¶ 3. The plea agreement acknowledged

that the potential Sentencing Guidelines range was between 262 and 327 months of

incarceration. See id. ¶ 5.C. The parties agreed, however, that a 120-month period of

incarceration, followed by five years of supervised release, would be an appropriate sentence.

See id. ¶ 4.

At the end of the written plea agreement, Mr. Fields agreed to and signed the

"Defendant's Acceptance." See Plea Agreement at 9. The "Defendant's Acceptance" stated:

> I have read every page of this Agreement and have discussed it with
> my attorney, Michelle Peterson, Esq.  I fully understand this
> Agreement and agree to it without reservation. I do this voluntarily
> and of my own free will, intending to be legally bound. No threats
> have been made to me nor am I under the influence of anything that
> could impede my ability to understand this Agreement fully. I am
> pleading guilty because I am in fact guilty of the offense identified
> in this Agreement.
>
> I reaffirm that absolutely no promises, agreements, understandings,
> or conditions have been made or entered into in connection with my
> decision to plead guilty except those set forth in this Agreement.  I
> am satisfied with the legal services provided by my attorney in
> connection with this Agreement and matters related to it.

Id. Mr. Fields' attorney, Michelle Peterson, signed the following statement:

> I have read every page of this Agreement, reviewed this Agreement
> with my client, Kevin Fields, and fully discussed the provisions of
> this Agreement with my client.  These pages accurately and
> completely set forth the entire Agreement. I concur in my client's
> desire to plead guilty as set forth in this Agreement.

Id.

---

Plea Agreement ¶ 4.B.  The government similarly has a right to withdraw from the agreement,
and may elect to bring different or additional charges prior to the defendant entering a new guilty
plea in the case. See Plea Agreement ¶ 4.B. If the defendant maintains the plea and the
government does not withdraw from the plea agreement, the court determines the sentence based
on its review of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. See
id.

In connection with the plea agreement, Mr. Fields also signed a Statement of Offense in which he acknowledged that he knowingly and voluntarily possessed firearms in furtherance of his possession with the intent to distribute cocaine base and heroin, and that he had read, or had read to him, the indictment and discovery in the case. See Statement of Offense at 4. At the end of the Statement of Offense, Mr. Fields agreed to and signed the "Defendant's Acknowledgment." See id. at 5. The "Defendant's Acknowledgment" stated:

> I have read this factual proffer, understand it, and agree that it is true and accurate. While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Id.

During the plea hearing, the Court engaged in a colloquy with Mr. Fields and explained to him that the Court's questions were to ensure that he "completely underst[ood] these proceedings, that [he understood his] rights, and to make sure that [his] plea [was] voluntary and knowing." Transcript of July 7, 2019 Plea Hearing ("Plea Hr'g Tr.") [Dkt. No. 38] at 9:6-8. The Court noted that if there was any part of the proceedings that Mr. Fields did not understand, he was encouraged to ask for clarification from the Court or privately from his attorney, Ms. Peterson. See id. at 9:8-15. The Court also asked Mr. Fields whether he was "fully satisfied" with Ms. Peterson's representation, to which he replied, "Sir, yes, sir." Id. at 10:20-22.

The Court asked Mr. Fields if he had read, understood, and signed the waiver of jury trial, the plea agreement, and the Statement of Offense. See Plea Hr'g Tr. at 19:3-22. Mr. Fields responded that he had. See id. Subsequently, the Court asked Ms. Peterson to briefly

describe the essential terms of the plea agreement for the record so that Mr. Fields "hears it again." Id. at 19:24-20:1. Ms. Peterson explained that Mr. Fields was pleading guilty to Count Four of the indictment. See id. at 20:3-8. She stated that "[h]e's agreed to give up his right to appeal this conviction, with limited exceptions that are outlined in the plea agreement," and that if Mr. Fields wishes to argue that "he received ineffective assistance of counsel, both in either the entry of the plea or in the sentencing in the case, he would retain that right." Id. at 20:22-21:1. Ms. Peterson noted for the record that "assuming the Court were to sentence [Mr. Fields] to 10 years, he would not have a right to appeal that sentence." Id. at 21:7-8.

The Court then asked Mr. Fields whether he understood the terms of the plea agreement, as described by Ms. Peterson. See Plea Hr'g Tr. at 21:18-21. Mr. Fields replied, "Sir, yes, sir." Id. at 21:22. Mr. Fields confirmed that he was not threatened or forced to enter his guilty plea and that it was his voluntary decision. See id. at 22:3-8. He also confirmed that the factual proffer in the Statement of Offense was true at the time he signed it and still true at the time of the plea hearing. See id. at 22:9-23:25.[2] The Court asked if Mr. Fields was "pleading guilty voluntarily and because [he was] in fact guilty." Id. at 24:14-15. Mr. Fields replied: "I'm pleading [guilty] because I'm guilty, sir." Id. at 24:16.

As agreed, at the October 8, 2019 sentencing hearing, the Court sentenced Mr. Fields to a period of 120 months of incarceration, followed by five years of supervised release. See Judgment [Dkt. No. 22] at 2-3. On October 4, 2020, Mr. Fields' filed a pro se motion to

---

[2]    Ms. Peterson noted at the plea hearing that the Statement of Offense incorrectly contained a reference to co-conspirators. See Plea Hr'g Tr. at 23:2-4; Statement of Offense at 5. The Court stated that the co-conspirators reference could be "crossed [ ] out," which it was, and the parties initialed the copy of the amended Statement of Offense. See Plea Hr'g Tr. at 23:17-22; Statement of Facts at 5. Mr. Fields then affirmed that the Statement of Offense, as corrected, was true and accurate. See Plea Hr'g Tr. at 23:23-25.

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[3]  He raises several ineffective

assistance of counsel claims and one prosecutorial misconduct claim.  Under the argument

captioned "Argument K," Mr. Fields argues that he received ineffective assistance of counsel

because his attorney failed to file a direct appeal as requested.  See Mot. at 85-89.[4]  Mr. Fields

initially requested an evidentiary hearing on this issue, and the parties agreed that an evidentiary

hearing was appropriate.  See Joint Status Report [Dkt. No. 46] at 1.  The Court scheduled an

evidentiary hearing and appointed an attorney, Jonathan Zucker, for the limited purpose of

representing Mr. Fields at the hearing.  See March 11, 2022 Minute Order.  During the

evidentiary hearing, Mr. Zucker represented that, after discussion with counsel, Mr. Fields

intended to withdraw Argument K from his motion.  See May 12, 2022 Minute Entry.

Thereafter, Mr. Fields filed a written waiver stating that he wished to withdraw Argument K and

withdraw his request for an evidentiary hearing.  See Defendant's Waiver of Right to Hearing on

Defense Counsel[']s Failure to Advise of Appellate Rights [Dkt. No. 50].  At a status conference

on July 6, 2022, the Court addressed Mr. Fields personally and then accepted his waiver.  See

July 6, 2022 Minute Entry.  The parties agree that all of Mr. Fields' claims – other than the now

withdrawn Argument K – may be resolved on the pleadings without an evidentiary hearing.  See

Joint Status Report [Dkt. No. 46] at 1.

---

[3]       On January 8, 2021, while this motion was pending before the Court, Mr. Fields
filed a separate pro se motion for compassionate release pursuant to 18 U.S.C.
§ 3582(c)(1)(A)(i).  See Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C.
§ 3582(c)(1)(A)(i) [Dkt. No. 28]; Emergency Supplemental Motion to Reduce Sentence Pursuant
to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 34].  The Court denied that motion on March 1, 2021.
See United States v. Fields, Crim. No. 19-0048, 2021 WL 780738 (D.D.C. Mar. 1, 2021).

[4]       Citations to Mr. Fields' motion reference the electronic case filing (ECF) page
numbers rather than any page numbers written on the motion itself.

## II. LEGAL STANDARD

A federal prisoner may move to vacate, set aside, or correct a sentence if he or she believes that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "The circumstances under which such a motion will be granted, however, are limited in light of the premium placed on the finality of judgments and the opportunities prisoners have to raise most of their objections during trial or on direct appeal." United States v. Clark, 382 F. Supp. 3d 1, 19-20 (D.D.C. 2019) (quoting United States v. Henry, 821 F. Supp. 2d 249, 253 (D.D.C. 2011)). To obtain relief under Section 2255, a prisoner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The prisoner "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence." United States v. Clark, 382 F. Supp. 3d at 27 (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)).

Claims of ineffective assistance of counsel, which implicate Sixth Amendment rights, are analyzed under the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). As the D.C. Circuit has explained, Strickland requires the defendant to establish the following:

> First, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, . . . that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

United States v. Gooch, 842 F.3d 1274, 1279 (D.C. Cir. 2016) (quoting Strickland v.

Washington, 466 U.S. at 687); see United States v. Doost, 3 F.4th 432, 442 (D.C. Cir. 2021)

("The crux of an ineffective assistance claim is not simply whether trial counsel neglected to

press a viable legal argument, but whether counsel's failure to do so was objectively

unreasonable under the circumstances.") (citation omitted).  "Importantly, the defendant must

establish both deficient performance and prejudice in order to prevail.  Failure on either prong of

the Strickland inquiry precludes relief." United States v. Clark, 382 F. Supp. 3d at 27.  "[A]

court need not determine whether counsel's performance was deficient before examining the

prejudice suffered by the defendant . . . ." Strickland v. Washington, 466 U.S. at 697.  "If it is

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that

course should be followed." Id.

### III.  DISCUSSION

Mr. Fields initially made twelve arguments in support of his Section 2255 motion,

identified by letters A through L.  He has now withdrawn Argument K.  For the following

reasons, the Court concludes that Mr. Fields fails to demonstrate that he is entitled to relief under

Section 2255 with respect to any of his remaining claims.  The Court discusses Mr. Fields'

arguments in turn.

#### A.  Argument A

In Mr. Fields' first claim, he argues that his counsel, Ms. Peterson, was

constitutionally ineffective for failing to challenge the search of his apartment under the Fourth

Amendment as he requested.  See Mot. at 31.  Specifically, Mr. Fields asserts that his attorney

should have challenged the search warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978),

which requires a hearing to be held at a defendant's request "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." See Mot. at 31 (quoting Franks v. Delaware, 438 U.S. at 155-56). Mr. Fields argues that "evidence exists that [his] Fourth Amendment rights were violated" and that his attorney's failure to request a Franks hearing "caused [him] overwhelming prejudice." See id.

A Franks hearing voids a search warrant and the fruits of the search are excluded when the defendant makes a preliminary showing that (1) "the affidavit [presented to the issuing judicial officer] contained false statements or omitted certain facts" (falsehood or omission prong); (2) the false statements or omitted facts were "material to the issue of probable cause" (materiality prong); and (3) the false statement or omissions were made "knowingly and intentionally, or with reckless disregard for the truth" (intentional or recklessness prong). United States v. Ford, 183 F. Supp. 3d 22, 37 (D.D.C. 2016) (quoting United States v. Becton, 601 F.3d 588, 594 (D.C. Cir. 2010)). In Franks, the Supreme Court recognized a "presumption of validity with respect to the affidavit supporting the search warrant," and thus created a rule of limited scope. Franks v. Delaware, 438 U.S. at 171. To support the allegations of falsehood, the party challenging the warrant must specifically denote which portion of the warrant affidavit is alleged to be false and provide support for its claims of falsehood or reckless disregard for the truth; the attacks on the affidavit "must be more than conclusory . . . ." Id. Under Franks, the defendant must prove "that the misrepresentation or omission was the product 'of deliberate falsehood or of reckless disregard for the truth'; allegations of negligence are insufficient." Aleotti v. Baars, 896 F. Supp. 1, 7 (D.D.C. 1995) (quoting Franks v. Delaware, 438 U.S. at 171),

aff'd, 107 F.3d 922 (D.C. Cir. 1996). If the party alleges omissions, "[r]ecklessness may be inferred where the omitted information was 'clearly critical' to the probable cause determination." Rivera v. United States, 928 F.2d 592, 604 (2d Cir. 1991); see also United States v. Ali, 870 F. Supp. 2d 10, 29 (D.D.C. 2012). Essentially, the question is whether the authorizing court would have altered its conclusion if the omitted information had been provided. See, e.g., United States v. Becton, 601 F.3d 588, 597-98 (D.C. Cir. 2010) (failure to disclose information on two confidential sources' credibility would not have defeated probable cause).

Mr. Fields' arguments on this point are without merit. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness," the defendant must not just prove that "counsel's representation fell below an objective standard of reasonableness," but also that "his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); see United States v. Miller, 953 F.3d 804, 809 (D.C. Cir. 2020). In this case, however, Mr. Fields does not provide any basis upon which his counsel could have raised a request for a Franks hearing. Despite his assertion that "evidence exists that [his] Fourth Amendment rights were violated," Mot. at 31, Mr. Fields does not assert that any portion of the search warrant affidavit is false or contains a "reckless disregard for the truth." Franks v. Delaware, 438 U.S. at 155. Nor does he assert that any allegedly false statement included in the affidavit was necessary to a finding of probable cause in the warrant that authorized the search of his apartment. See id. at 156. As the government correctly points out, "[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory . . . [t]here must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Opp.

at 9 (quoting <u>Franks v. Delaware</u>, 438 U.S. at 171-72).  In the absence of any proof that Mr.

Fields' Fourth Amendment claim is meritorious or that it resulted in prejudice, this ineffective

assistance of counsel claim fails.

### B.  Argument B

In Mr. Fields' second claim, he argues that his counsel was constitutionally

ineffective for failing to file a motion challenging Count Four of the indictment under the Fifth

and Sixth Amendments.  <u>See</u> Mot. at 33-39.  Mr. Fields asserts that his right to an indictment by

a grand jury under the Fifth Amendment, his right to fair notice of the criminal charges against

him under the Sixth Amendment, and his protection against double jeopardy under the Fifth

Amendment were violated.  <u>See</u> <u>id.</u> at 33.  Count Four of the indictment, charging a violation of

18 U.S.C. § 924(c)(1), states that Mr. Fields did "unlawfully and knowingly use, and carry

during and in relation to, and possess in furtherance of, a drug trafficking offense," a firearm.

<u>See</u> Indictment at 2.  Mr. Fields argues that because this language states several different bases

for the alleged violation of the statute – "use[] [or] carry during and in relation to . . . a drug

trafficking offense" and "possess in furtherance of[] a drug trafficking offense" – Count Four

"fails to charge [him] with a codified federal crime."  Mot. at 39.

This argument is without merit.  As the government points out, "[t]he indictment

in this case tracks the language of the statute."  Opp. at 12.  Where "a statement of the elements

provides the defendant with sufficient notice of the acts that constitute the specific offense

charged against him, . . . 'an indictment parroting the language of a federal criminal statute is

often sufficient.'"  <u>United States v. Hillie</u>, 227 F. Supp. 3d 57, 74 (D.D.C. 2017) (quoting <u>United</u>

<u>States v. Resendiz-Ponce</u>, 549 U.S. 102, 109 (2007)).  Count Four recites the elements in the

language of the statute, and adds that Mr. Fields' firearms were "a Glock 21, .45 caliber

semi-automatic pistol, a Ruger 9mm semi-automatic pistol, and an Intratec, 9mm semi-automatic

pistol." See Indictment at 2-3. This specification, combined with the statutory elements, was

enough to give Mr. Fields fair notice of the offenses charged against him. See United States v.

Thomas, Crim. No. 17-0194, 2019 WL 4095569, at *3 (D.D.C. Aug. 29, 2019) ("Each of the

§ 924(c) counts allege that [the defendant] 'did unlawfully and knowingly use, and carry during

and in relation to, and possess in furtherance of, a crime of violence' . . . . That language tracks

the text of 18 U.S.C. § 924(c), which is all that is required at this early stage of the proceeding.");

see also United States v. Warnagiris, 699 F. Supp. 3d 31, 55 (D.D.C. 2023) ("It is well

established that if a criminal statute disjunctively lists multiple acts which constitute violations,

the prosecution may in a single count of an indictment or information charge several or all of

such acts in the conjunctive.") (citation and internal quotation marks omitted).

   Moreover, at the plea hearing, Mr. Fields' attorney, Ms. Peterson, specifically

raised this issue before the Court. She stated: "[T]he issue Mr. Fields has had in the past, and

we've explained it, is the charge is using, carrying and possessing the firearm. But the elements

are any one of the three, and he has acknowledged possessing the firearm." Plea Hr'g Tr.

at 13:23-14:1. The Court agreed with Ms. Peterson's statement of the law and informed Mr.

Fields: "You are not acknowledging all three [bases for violating the statute]. If you

acknowledged possessing [the firearm], that's sufficient. Do you acknowledge possessing?" Id.

at 14:2-4. Mr. Fields responded that he did. See id. at 14:5.

   Mr. Fields cites United States v. Combs, 369 F.3d 925 (6th Cir. 2004), in support

of his argument. But Combs does not support Mr. Fields' position. As the government points

out, the Sixth Circuit in Combs ruled that the indictment was flawed because it "utilized one

element from each of what the [Sixth] Circuit ruled to be two distinct [Section] 924(c) offenses,

without stating one complete offense." Opp. at 13 (citing Combs, 369 F.3d at 934). Count Four

of the indictment in this case recites the elements of only one Section 924(c) offense. Mr.

Fields' counsel was not deficient for failing to challenge Count Four of the indictment, nor did

this decision result in any prejudice to Mr. Fields.

### C. Argument C

In Mr. Fields' third claim, he argues that his counsel was constitutionally

ineffective for failing to investigate his case, including all possible defenses. See Mot. at 41. He

asserts that "had counsel investigated[,] [the investigation] would ha[ve] revealed 4th[,] 5th[,]

6th and 14th Amendmen[t] violations." Id. A defendant basing an inadequate assistance of

counsel claim on counsel's failure to investigate must make "a comprehensive showing as to

what the investigation would have produced" and "[t]he focus of the inquiry must be on what

information would have been obtained from such an investigation and whether such information,

assuming its admissibility in court, would have produced a different result." See United States v.

Askew, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (quoting Sullivan v. Fairman, 819 F.2d 1382, 1392

(7th Cir. 1987)). Mr. Fields does not advance any basis for his assertion of failure to investigate.

He does not identify any possible defenses, any possible avenues of investigation, or what the

investigation would likely have produced. "[T]his Circuit requires a defendant to make a

comprehensive showing as to what the investigation would have produced." United States v.

Benbow, Crim. No. 10-0051 (PLF), 2021 WL 3268384, at *6 (D.D.C. July 30, 2021) (quoting

United States v. Campbell, Crim. No. 92-0213 (TFH), 2004 WL 5332322, at *14 (D.D.C.

Sept. 1, 2004). Mr. Fields has failed to do this. Therefore, this ineffective assistance of counsel

claim fails as well.

### D.  Argument D

In Mr. Fields' fourth claim, he argues that his counsel was constitutionally ineffective for failing to file a motion to withdraw the plea "where a number of fair and just reasons exist." Mot. at 43. He invokes Rule 11(d)(2) of the Federal Rules of Criminal Procedure, which states that a defendant may withdraw a guilty plea after a court accepts the plea but before it imposes a sentence if "the court rejects a plea agreement" or if "the defendant can show a fair and just reason for requesting the withdrawal." See FED. R. CRIM. P. 11(d)(2). Mr. Fields fails to articulate any "fair or just reason" that he may have had for requesting a withdrawal of his guilty plea. He has not, for example, suggested that the government breached the plea agreement, as was true in United States v. Palladino, 347 F.3d 29, 34-35 (2d. Cir. 2003), or that there was no factual basis for the plea, as was true in United States v. Held, 651 F.3d 850, 856 (8th Cir. 2011), both cases cited by Mr. Fields in his motion. Because Mr. Fields has not provided any basis on which his counsel should have requested a withdrawal of his guilty plea, nor demonstrated that the failure to do so resulted in prejudice that deprived him of a fair trial, see United States v. Gooch, 842 F.3d at 1279, the Court concludes that this ineffective assistance of counsel claim fails.

### E.  Argument E

In Mr. Fields' fifth claim, he argues that his counsel was constitutionally ineffective for failing to inform him of the true nature of the charges and consequences of pleading guilty and erroneously advising him to plead guilty. See Mot. at 47. As a result, he contends, his plea was not entered knowingly and voluntarily. See id. Mr. Fields cites Lee v. United States, in which the Supreme Court ruled that the defendant received ineffective assistance of counsel when his attorney failed to advise him that a consequence of his guilty plea

would be deportation.  See Lee v. United States, 582 U.S. 357, 371 (2017).  Unlike the defendant in Lee, however, Mr. Fields has not identified any specific consequences of his plea of which his attorney failed to advise him.

Mr. Fields makes three additional arguments that fail as well.  First, he asserts that "no jurisdictional basis existed for haling [him] in court," Mot. at 49, but does not explain what aspect of jurisdiction he is challenging.  Second, he argues that "the [g]overnment may not prosecute the charge on the face of the indictment."  Id.  To the extent this is a challenge to Count Four of the indictment, the argument fails.  See supra Section III.B.  Finally, Mr. Fields contends that his counsel failed to inform him that Count One and Count Two of the indictment were "really one crime," which violated the Double Jeopardy Clause of the Fifth Amendment.  Id. at 51.  As the government points out, however, Count One and Count Two charged Mr. Fields with possession with intent to distribute cocaine and possession with intent to distribute heroin, respectively, which are two separate violations of the same statute.  See Opp. at 16-17.  This does not violate the Double Jeopardy Clause.

Finally, there is no reason to believe that Mr. Fields' plea was not entered knowingly and voluntarily, especially in light of the Court's colloquy with Mr. Fields at the plea hearing.  See Plea Hr'g Tr. at 22:3-24:16; see also supra at 4-5.  Because Mr. Fields has not demonstrated that his counsel's advice to plead guilty was deficient or that it resulted in any prejudice, this ineffective assistance of counsel claim fails.

### F.  Argument F

In Mr. Fields' sixth claim, he makes substantially the same argument as he does under Argument E.  See Mot. at 57.  In addition, Mr. Fields also suggests that "guilty pleas are not voluntary where they are induced by misleading statements of defense counsel."  Id. at 59

(quoting <u>McCoy v. United States</u>, 96 F. Supp. 2d 469, 477 (E.D. Pa. 2000)).  While Mr. Fields'

statement of the law is correct, he does not provide any factual basis that his attorney made

misleading statements that caused him to plead guilty.  For this reason, along with the reasons

stated in Sections III.E and III.F, <u>supra</u>, the Court rejects Argument F.

### G.  Argument G

In Mr. Fields' seventh claim, he makes substantially the same arguments as he

does under Argument E and Argument F.  Under Argument G, Mr. Fields make an additional

assertion that when the Court engaged in a colloquy with him regarding his understanding of the

terms of the plea agreement, Mr. Fields' counsel "erroneously advised [him] as to the answers."

Mot. at 71.  There is nothing in the plea hearing transcript, however, which supports this

assertion.  For this reason, along with the reasons stated in Section III.E, <u>supra</u>, the Court rejects

Argument G.

### H.  Argument H

In Mr. Fields' eighth claim, he argues that his counsel was constitutionally

ineffective for erroneously advising him to accept the plea and waive his right to appeal.  Mot.

at 75.[5]  He asserts that the plea agreement is "ambiguous" and that the appeal waiver "served to

cover up counsel's own inadequacies and the prosecutor's own misconduct[]." <u>Id</u>.  He argues

that it is in this Court's discretion to invalidate the appeal waiver due to ineffective assistance of

counsel.  <u>See</u> <u>id</u>. at 77.

---

[5]        Mr. Fields again argues that "counsel was constitutionally ineffective for failing
to properly inform [him] of the true nature of the offense he was pleading guilty to . . . ." Mot. at
73 (capitalization omitted).  The Court has already addressed these arguments in the context of
Argument E.  <u>See</u> <u>supra</u> Section III.E.

The plea agreement contains an unambiguous waiver of Mr. Fields' right to appeal his conviction and sentence. See Plea Agreement ¶ 9.C. In relevant part, the plea agreement states:

> Your client agrees to waive the right to appeal, insofar as such waiver is permitted by law, the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court.

Id. ¶ 9.C. At the plea hearing, when asked to summarize the terms of the plea agreement, Mr. Fields' counsel stated on the record:

> He's agreed to give up his right to appeal this conviction, with limited exceptions that are outlined in the plea agreement. If he wishes to argue that he received ineffective assistance of counsel, both in either the entry of the plea or in the sentencing in the case, he would retain that right.
>
> [. . . .]
>
> [N]ormally we say he has the right to appeal if the Court exceeds the statutory maximum sentence, but as the Court – presumably, the Court is going to abide by the [Rule 11(c)(1)(C)] agreement the parties have reached and the Court has said it would accept. So, assuming the Court were to sentence him to 10 years, he would not have a right to appeal that sentence.
>
> He's also given up his right to collateral attack except to the extent that it's based on newly discovered evidence or, again, ineffective assistance of counsel. If the guidelines change in a way that affects him, he does have a right to file a motion under [18 U.S.C.

§] 3582(c)(2), but if the Court were to deny that motion, he would
not have a right to appeal.  I think that sums up the agreement.

Plea Hr'g Tr. at 20:22-21:8.  The prosecutor agreed with that summary of the plea agreement.

See id. at 21:16-17.  Mr. Fields then stated that he understood and agreed to what was described.

See id. at 21:18-22.

Argument H fails under either prong of the Strickland inquiry.  As to the first

prong – whether trial counsel's performance was deficient – Mr. Fields argues that his counsel

was ineffective for "erroneously advising" him to accept the plea agreement that contained a

waiver of his right to appeal.  Mot. at 75.  Importantly, Mr. Fields does not argue that he was

unaware of this term of the plea agreement, and the record clearly demonstrates his

understanding that he was waiving his right to appeal.  See Plea Hr'g Tr. at 20:22-21:22

(counsel's summary of the terms and Mr. Fields' acknowledgement that he understood the

terms).  Notwithstanding any unspecified advice counsel may have given on the merits of

accepting the plea, the Court cannot find that counsel's performance was deficient where Mr.

Fields was clearly aware of the appeal waiver.  See United States v. Moses, Crim. No. 11-253-01

(CKK), 2015 WL 4077507, at *8 (D.D.C. July 6, 2015) ("[Petitioner] cannot establish that his

counsel's performance was deficient because, as discussed above, the record clearly reflects that

[petitioner] was informed about the [plea agreement's term] both by his counsel and by the Court

prior to accepting the plea offer.").  Indeed, the plea colloquy reflected the "sort of bargained-

for-exchange [that] is entirely consistent with effective performance by counsel during the plea

process."  United States v. Chansley, 2023 WL 4637312, at *14.

Mr. Fields' claim also fails to satisfy the prejudice prong of Strickland.  See

Strickland v. Washington, 466 U.S. at 694-95.  Mr. Fields has discussed no appealable issue on

which he is likely to succeed.  Moreover, the plea agreement resulted in a far more favorable

18

outcome for Mr. Fields than he would have faced had he gone to trial on all counts of the indictment and been convicted. Had Mr. Fields' counsel <u>not</u> negotiated the plea set forth in the plea agreement and had Mr. Fields gone to trial and been found guilty on Count Four only – to say nothing of the other counts – Mr. Fields would have faced 262 to 327 months of imprisonment under the U.S. Sentencing Guidelines. <u>See</u> Plea Hr'g Tr. at 14:19-16:21. The lower end of this range exceeds the sentence Mr. Fields received pursuant to the agreed upon sentence in the plea agreement by more than twelve years.

Because Mr. Fields' ineffective assistance of counsel claim related to the acceptance of the plea agreement fails to satisfy either prong of the <u>Strickland</u> inquiry, it must be rejected.

## I.   Argument I

In Mr. Fields' ninth claim, he argues that the prosecutor in this case violated his constitutional duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), to disclose evidence favorable to the defense. <u>See</u> Mot. at 79. Mr. Fields asserts that the prosecutor "suppressed exculpatory and impeaching evidence[,] causing prejudice." <u>Id</u>. This argument is without merit. To prove that the government has violated its <u>Brady</u> obligations, a defendant "must demonstrate three elements." <u>United States v. Driscoll</u>, 984 F.3d 103, 109 (D.C. Cir. 2021) (quoting <u>United States v. Borda</u>, 848 F.3d 1044, 1066 (D.C. Cir. 2017)); <u>see also</u> <u>United States v. Sutton</u>, Crim. No. 21-0598, 2022 WL 2383974 (D.D.C. July 1, 2022); <u>United States v. Sutton</u>, Crim No. 21-0598, Opinion and Order (D.D.C. Aug. 2, 2024) [Dkt. No. 626]. First, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching." <u>United States v. Robinson</u>, 68 F.4th 1340, 1347 (D.C. Cir. 2023) (quoting <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999)); <u>accord</u> <u>United States v. Bagley</u>, 473 U.S. 667,

676 (1985). Second, that favorable evidence must have been suppressed by the government, either willfully or inadvertently. See United States v. Borda, 848 F.3d at 1066. Third, "prejudice must have ensued." United States v. Sitzmann, 893 F.3d 811, 826 (D.C. Cir. 2018) (quoting Strickler v. Greene, 527 U.S. at 288); United States v. Sutton, Crim No. 21-0598, Opinion and Order (D.D.C. Aug. 2, 2024) [Dkt. No. 626] at 5. For prejudice to have ensued, the withheld evidence must be material; that is, "the defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Sitzmann, 893 F.3d at 826 (citation omitted). Mr. Fields provides no factual support for the alleged Brady violation because he fails to identify any evidence withheld by the government. This Brady argument therefore fails.

### J.    Argument J

In Mr. Fields' tenth claim, he argues that his counsel was constitutionally ineffective for failing to file objections to the Presentence Investigation Report ("PSR") and argue for a lesser sentence. See Mot. at 81. He asserts that his attorney knew or should have known to file objections to the PSR, arguing that Count Four of the indictment was flawed by charging Mr. Fields with a "nonexistent offense." Id. He also argues that he was "sentenced on unreliable information, hearsay, speculation, and uncorroborated evidence." Id. at 83. He maintains that his counsel was "ineffective at sentencing for alleged errors" and that "counsel need[ed] only file objections to the [PSR] and argue[] . . . mitigating factors at the sentencing hearing," but failed to do so. Id.

As the government points out, Mr. Fields reiterates Argument B here in arguing that the language of Count Four of the indictment was flawed. See supra Section III.B. Other than his argument regarding Count Four, Mr. Fields fails to specify which portions of the PSR

supposedly consist of "unreliable information, hearsay, speculation, and uncorroborated evidence." Mot. at 83. And while Mr. Fields also appears to suggest that his attorney failed to file objections to the PSR before sentencing, counsel in fact did file objections to the PSR. See Transcript of October 8, 2019 Sentencing Hearing [Dkt. No. 39] at 5:22-6:6; Presentence Investigation Report [Dkt. No. 18] at 30-31. Mr. Fields has not demonstrated that his counsel committed any errors prior to or during sentencing, or that there was any prejudice. Therefore, this ineffective assistance of counsel claim fails as well.

### K.  Argument K

In Mr. Field's eleventh claim, he argues that his counsel was constitutionally ineffective for failing to file a direct appeal as requested. See Mot. at 85. As discussed, supra at 5-6, Mr. Fields has withdrawn Argument K and his accompanying request for an evidentiary hearing on this issue. See Defendant's Waiver of Right to Hearing on Defense Counsel[']s Failure to Advise of Appellate Rights [Dkt. No. 50]. The Court therefore does not consider Argument K on the merits.

### L.  Argument L

In Mr. Fields' final claim, he argues that his counsel was constitutionally ineffective in general. See Mot. at 91. He maintains that his counsel's "identified acts and omissions were outside the wide range of professional competent assistance" and that counsel's performance "fell below an objective standard of reasonableness" which "prejudiced [him]." Id. at 95. In support of his argument, he points out that the Supreme Court has recognized narrow categories in which prejudice to a defendant is presumed. See id. at 91-93. But Mr. Fields does not assert that his counsel's performance falls within any of these categories. Because prejudice

to Mr. Fields is not presumed, Mr. Fields must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Doost, 3 F.4th at 436 (quoting Strickland v. Washington, 466 U.S. at 694). Mr. fields offers no reason to believe that the outcome of his case would have been different with different lawyering. Instead, as the government points out, "defense counsel's negotiation of the Rule 11(c)(1)(C) agreement and counseling of the defendant to accept the agreement resulted in a favorable outcome for the defendant, and a trial outcome would likely have been far worse." Opp. at 23; see supra Section III.H. Mr. Fields therefore has not demonstrated prejudice.

Because Mr. Fields does not discuss any specific conduct of his counsel with regard to Argument L, the Court will not evaluate his counsel's performance further than it already has with respect to the other, more specific ineffective assistance claims advanced by Mr. Fields. See Strickland v. Washington, 466 U.S. at 697 ("If it is easier to dispose of an ineffective claim on the ground of a lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

### IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Fields' pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 24] is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  1|8|25